ABRAHAM, FRUCHTER
& TWERSKY, LLP
IAN D. BERG
TAKEO A. KELLAR
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (858) 792-3448
Fax: (858) 792-3449

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN B. SAND & ZACHARY B. SAND JOINT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>BIOTECHNOLOGY VALUE FUND, L.P., BIOTECHNOLOGY VALUE FUND II, L.P., INVESTMENT 10, L.L.C., MSI BVF INC., BVF PARTNERS, L.P., BVF Inc., MARK N. LAMPERT and ONCOTHYREON, INC.<br><br>Defendants. | Civil Action No. 3:16-cv-01313<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Brian B. Sand and Zachary B. Sand Joint Trust, by its attorneys, alleges, based upon knowledge with respect to the facts relating to it and upon information and belief with respect to all other allegations, as follows:

## INTRODUCTION

1. This action is brought pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), [15 U.S.C. 78p(b)] ("Section 16(b)") in order to recover short-swing insider trading profits realized by statutory insiders of Oncothyreon, Inc. ("Oncothyreon" or the "Company.") This action is not punitive in nature and instead only seeks to disgorge profits earned from the subject trading. The defendants (other than Oncothyreon) are members of a group that owned 10% or more of the outstanding common stock of Oncothyreon, making them statutory insiders of Oncothyreon within the meaning of Section 16(b). As

statutory insiders who are presumed to have had access to material non-public information concerning Oncothyreon's operations and future business prospects, they are required by Section 16(b) to disgorge any profits they earn through short-swing insider trading (*i.e.*, purchases and sales within a six month period).

**PARTIES**

2. Plaintiff Brian B. Sand and Zachary B. Sand Joint Trust is a shareholder of Oncothyreon.

3. Defendant Biotechnology Value Fund, L.P. ("BVF") is a Delaware limited partnership with its principal offices at 1 Sansome Street, 30th Floor, San Francisco, California 94104.

4. Defendant Biotechnology Value Fund II, L.P. ("BVF2") is a Delaware limited partnership with its principal offices at 1 Sansome Street, 30th Floor, San Francisco, California 94104.

5. Defendant Investment 10, L.L.C. ("ILL10") is an Illinois limited liability company with its principal offices at 900 North Michigan Avenue, Suite 1100, Chicago, Illinois, 60611.

6. Defendant MSI BVF SPV, L.L.C. ("MSI") is a Delaware limited liability company with its principal offices c/o Magnitude Capital, L.L.C., 601 Lexington Avenue, 59th Floor, New York, New York 10022.

7. Defendant BVF Partners, L.P. ("BVF Partners") is a Delaware limited partnership with its principal offices at 1 Sansome Street, 30th Floor, San Francisco, California 94104. BVF Partners is the general partner of each of BVF and BVF2 and the investment adviser of ILL10 and MSI.

8. Defendant BVF Inc. ("BVF Inc.") is a Delaware corporation, and is the general partner of BVF Partners. It maintains a principal office at 1 Sansome Street, 30th Floor, San Francisco, California 94104.

9. Defendant Mark N. Lampert ("Lampert") is a U.S. citizen who serves as the sole officer and director of BVF, Inc.

10. BVF, BVF2, ILL10, MSI, BVF Partners, BVF Inc. and Lampert are collectively referred to herein as the "BVF Entities."

11. Defendant Oncothyreon, Inc. ("Oncothyreon," or the "Company") is a corporation formed under the laws of the State of Delaware and maintains its principal offices at 2601 Fourth Ave., Suite 500, Seattle, Washington 98121. The Company's common stock is registered with the Securities and Exchange Commission ("SEC") pursuant to Section 12 of the Exchange Act and its common stock ("Common Stock") trades on the NASDAQ under the symbol ONTY. Oncothyreon is a necessary party and this action is brought by Plaintiff in order to obtain a recovery for the Company.

## JURISDICTION AND VENUE

12. Jurisdiction of this Court is proper pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa]. Venue is properly laid in this District because Defendants are located in this District.

## CLAIM FOR RELIEF

**The BVF Entities Were Statutory Insiders**

**Within The Meaning Of Section 16(b)**

13. The BVF Entities, directly or indirectly, acted together at all relevant times as a group with respect to acquiring, holding, voting and/or disposing of Oncothyreon equity securities (the "Shares.") This concerted action was facilitated through, among other things, the interrelated nature and structure of the BVF Entities. Specifically, BVF Partners is and was at all relevant times the general partner of BVF and BVF2 and the investment adviser to ILL10 and MSI. BVF Inc., in turn, is and was at all relevant times the General Partner of BVF Partners, and Lampert is and was at all relevant times the sole officer and director of BVF, Inc.

14. As reported in a Schedule 13G/A filed with the SEC on August 18, 2015, BVF Partners, BVF Inc. and Lampert shared voting and dispositive power over the shares of Common Stock beneficially owned by BVF, BVF2, ILL10, MSI. BVF Partners, BVF Inc. and Lampert had the power to direct the vote and disposition of the Common Stock held by the BVF Entities and, in fact, made all voting and investment decisions for the BVF Entities.

15. These facts demonstrate that the BVF Entities formed an agreement to act together at all relevant times with respect to acquisition, holding, voting and/or disposition of Oncothyreon equity securities pursuant to Section 13(d) of the Exchange Act. Section 13(d) governs the determination of beneficial ownership for purposes of determining whether a person or entity is a more than 10% "beneficial owner" under Section 16 pursuant to Rule 16a-1(a)(1) promulgated by the SEC.

16. According to the SC 13G/A filed with the SEC, as of February 13, 2015 (the "February 2015 13G/A"), BVF owned 6,362,683 shares of Oncothyreon Common Stock, BVF2 owned 3,298,293 shares of Oncothyreon Common Stock, ILL10 owned 1,772,893 shares of Oncothyreon Common Stock, and MSI owned 2,328,391 shares of Oncothyreon Common Stock. Collectively, the BVF Entities owned 13,762,260 shares of Common Stock, or 15% of the outstanding Common Stock of Oncothyreon.

17. The BVF Entities continued to be subject to Section 16(b) throughout the relevant time period, as the BVF Entities reported owning 10.3%, 15.4% and 19.8% of the outstanding Common Stock of Oncothyreon in SEC filings on May 18, 2015, August 18, 2015 and December 21, 2015, respectively.

**<u>The BVF Entities Purchase and Sell Oncothyreon Common Stock</u>**

*<u>Purchases by the BVF Entities</u>*

18. In its SEC Form 10-Q for the period ending September 20, 2015, Oncothyreon disclosed under "Related Party Transactions" that:

> In February 2015, the Company closed concurrent but separate underwritten offerings of 13,500,000 shares of its common stock at a price of $1.50 per share… and 1,333 shares of its Series B convertible preferred stock at a price of $1,500 per share…. *<u>In this offering, affiliates of BVF, a holder of more than 5% of the Company's outstanding common stock, purchased 1,333 shares of the Company's Series B preferred stock for an aggregate purchase price of $2.0 million.</u>*

19. This Preferred Stock was convertible into Common Stock at a price of $1.50 per share. Thus, the Preferred Stock was convertible into 1,333,333 shares of Common Stock, and the purchase of 1,333 shares of Series B Convertible Preferred Stock represents a purchase of 1,333,333 Shares of Common Stock at a price of $1.50 per share

by the BVF Entities. For 16(b) purposes, the purchase of the Preferred Stock, which is a derivative security, is deemed to be a purchase of the underlying Common Stock.

20. In this same Form 10-Q, Oncothyreon disclosed under "Related Party Transactions" that "[i]n February 2015…affiliates of BVF also exchanged 4,000,000 shares of common stock for 4,000 shares of Series B preferred stock." Thus, a Form 4 filed with the SEC by the BVF Entities on February 9, 2015 reported that on February 5, 2015, BVF and BVF2 acquired 2,600 and 1,400 shares of Oncothyreon preferred stock, respectively. According to the Form 4, the preferred stock taken in exchange for the common stock had a conversion or exercise price of $1.50. As each share of the Series B Convertible Preferred Stock was convertible into 1,000 shares of Common Stock, this exchange represents a purchase of 4,000,000 Shares of Common Stock by the BVF Entities for 16(b) purposes at a price of $1.50 per Share. BVF acquired 2,600,000 Shares of Common Stock for $1.50 per Share and BVF2 acquired 1,400,000 Shares of Common Stock for $1.50 per Share.

21. Finally, in this same Form 10-Q, Oncothyreon also disclosed under "Related Party Transactions" that: "in May 2015, the Company entered into an exchange agreement with certain affiliates of BVF to exchange 7,500,000 shares of common stock previously purchased by BVF for 7,500 shares of Series C Convertible Preferred Stock." According to a Form 3 filed with the SEC on December 22, 2015, the conversion or exercise price of the Series C Convertible Preferred Stock was $1.48 per share. BVF, BVF2, ILL10 and MSI, respectively, acquired 3,040, 1,640, 1,240 and 1,580 (or a total of 7,500) shares of Series C Convertible Preferred Stock.

22. Thus, a Schedule 13G/A filed with the SEC by the BVF Entities on May 18, 2015 reported that BVF, BVF2, ILL10 and MSI, respectively, beneficially owned 3,040,000, 1,640,000, 1,240,000 and 1,580,000 (or a total of 7,500,000) shares of Common Stock issuable upon the exercise of the Series C Convertible Preferred Stock. As each share of the Series C Convertible Preferred Stock was convertible into 1,000

shares of Common Stock, this exchange represents a purchase of 7,500,000 Shares of Common Stock by the BVF Entities for 16(b) purposes at a price of $1.48 per Share.

23. Therefore, in the period between February 2015 and May 2015, the BVF Entities purchased at least 11,000,000 Shares of Oncothyreon Common Stock.

*Sales by the BVF Entities*

24. Within six months of the purchases alleged above, the BVF Entities sold Oncothyreon Common Stock.

25. The February 2015 Schedule 13G/A reported that, collectively, the BVF Entities owned 13,762,260 Shares of Oncothyreon Common Stock, or 15% of the outstanding shares of Common Stock, as follows as follows: BVF owned 6,362,683 Shares of Oncothyreon Common Stock, BVF2 owned 3,298,293 Shares of Oncothyreon Common Stock, ILL10 owned 1,772,893 Shares of Oncothyreon Common Stock, and MSI owned 2,328,391 Shares of Oncothyreon Common Stock.

26. In a Schedule 13G/A filed on May 18, 2015, the BVF Entities reported collectively owning 9,754,178 Shares of Oncothyreon Common Stock, or 10.3% of the outstanding shares of Common Stock as follows: BVF owned 3,334,050 Shares of Oncothyreon Common Stock, BVF2 owned 2,923,404 Shares of Oncothyreon Common Stock, ILL10 owned 624,519 Shares of Oncothyreon Common Stock, and MSI owned 1,538,872 Shares of Oncothyreon Common Stock.

27. Therefore, in the period between February 13, 2015 and May 18, 2015, the BVF Entities sold at least 4,008,082 Shares of Oncothyreon Common Stock as follows: BVF sold at least 3,028,633 Shares of Oncothyreon Common Stock, BVF2 sold at least 374,889 Shares of Oncothyreon Common Stock, ILL10 sold at least 1,148,374, and MSI sold at least 789,519 Shares of Oncothyreon Common Stock. The closing stock price of Oncothyreon during this time period ranged from a low of $1.41 to a high of $2.59 and Oncothyreon Common Stock traded at prices higher than $1.50 per share on 91 of the 94 trading days occurring during that time period.

28. The purchases and sales alleged above may be matched against one another using the "lowest in, highest out" method to yield profits recoverable from Defendants, to the extent of their respective pecuniary interests therein, under Section 16(b).

29. The BVF Entities' failure to file Form 4s with the SEC after February 5, 2015, makes the exact number of Shares purchased and sold, and the prices per Share realized, by each of the BVF Entities during the relevant time periods is currently unknown. Nonetheless, given that the price of Oncothyreon Common Stock routinely traded above the $1.50 purchase price per Share, it is apparent that Defendants realized some short-swing profits from these purchases and sales that are disgorgeable to the Company. The exact amount and prices at which Shares were sold can be determined through pre-trial discovery.

30. Furthermore, there may have been additional sales within the relevant time period, as a December 21, 2015 Schedule 13D filed with the SEC by the BVF Entities did not report ILL10 and MSI holding any Oncothyreon Common Stock at that time. The closing price of Oncothyreon Common Stock between May 18, 2015 and December 21, 2015 ranged from a low of $2.38 to a high of $3.82.

**<u>BASIS FOR INFORMATION AND BELIEF</u>**

31. Plaintiff's information and belief is based on, among other things: (a) Schedules 13G/A filed by the BVF Entities with the SEC on February 13, 2015, May 18, 2015, August 18, 2015; (b) Schedule 13D filed by the BVF Entities with the SEC on December 21, 2015; (c) Form 10-Q filed by Oncothyreon with the SEC for the period ended September 30, 2015, and (d) Form 3 filed by the BVF Entities with the SEC on December 22, 2015.

**<u>ALLEGATIONS AS TO DEMAND</u>**

32. On December 28, 2015, demand for prosecution was made on the Board of Directors of Oncothyreon based on the facts alleged above (the "Demand"). On January 5, 2015, counsel for the Company responded to the Demand requesting proof of Plaintiff's stock ownership in the Company. The same day, Plaintiff's counsel provided such proof of stock ownership. In response, on January 8, 2016, counsel for the Company requested proof of

Plaintiff's continuous ownership of the Company stock. On January 13, 2016, Plaintiff's counsel informed the Company's counsel that actions under Section 16(b) do not require "continuous ownership," but that nevertheless, Plaintiff had continuously owned Company stock since his initial purchase date.

33. Now, more than sixty days have passed from the date of the Demand and the Company has failed to recover the profits alleged herein or to institute a lawsuit to recover those profits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount to be determined at trial, plus pre-judgment interest, post-judgment interest and such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

DATED: March 17, 2016

**ABRAHAM, FRUCHTER & TWERSKY LLP**

/s/ Ian D. Berg

IAN D. BERG
TAKEO A. KELLAR
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (858) 764-2580
Fax: (858) 764-2582

– and –

JACK G. FRUCHTER (*to be admitted pro hac vice)*
CASSANDRA L. PORSCH (*to be admitted pro hac vice)*
One Pennsylvania Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655

Attorneys for Plaintiff